AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>DAVID ALLEN KNOWLES II,<br><br>Defendant(s) | )<br>)<br>)  Case No.  19-6006   SELTZER<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___01/07/2019___ in the county of ___Broward and elsewhere___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C., Section 963 | Did knowingly and intentionally attempt to import into the United States, a controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine,<br><br>In violation of 21 U.S.C. Sections 952(a), 963, and 960(b)(1)(B). |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Shawn Stone, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: ___Jan. 8, 2019___

_____
Judge's signature

City and state: ___Fort Lauderdale, Florida___   Barry S. Seltzer, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Shawn Stone, being duly sworn, hereby depose and state:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have been a Special Agent since March 2009. I am assigned to the Assistant Special Agent in Charge, Fort Lauderdale Office in Broward County, Florida. As a Special Agent, I am responsible for investigating violations of federal law relating to immigration and customs enforcement. In my current assignment, I am also responsible for investigations involving the importation and distribution of controlled substances and the possession and concealment of such controlled substances. I have received specialized training in narcotics related investigations. I have been involved in the execution and planning of narcotics related arrests for over fifteen years, including in my current position with HSI for the last nine years. Prior to my employment as a Special Agent, I was employed with the Broward Sheriff's Office as a Deputy Sheriff for approximately six years.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause to establish that David Allen KNOWLES II, violated Title 21, United States Code, Sections 952, 963, and 960(b)(1)(B) that is, knowingly and willfully did attempt to import into the United States five kilograms or more of cocaine.

4. As this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my

personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation. However, no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

5. On January 7, 2019, at approximately 0500 hours, United States Coast Guard Officers, aboard a United States Coast Guard Cutter BERNARD C. WEBBER observed an unlit 46' sport fisher vessel, named, "HANAPA" (DO678873), approximately seven (7) nautical miles east of Dania Beach en route Fort Lauderdale, FL. USCGC BERNARD C WEBBER stopped the vessel and conducted a boarding. There were four persons on board the vessel (3 Bahamian citizens and 1 dual citizenship U.S./Bahamian citizen). The master/captain of the vessel was identified as David Allen KNOWLES II stated that they were travelling unlit because their lights were not working due to a generator issue. He also stated that they were enroute to Harbor Town Marina in Fort Lauderdale to make repairs. Coast Guard officers obtained permission from KNOWLES to conduct ionscan swipes of the vessel. The swipes resulted in a positive result for MDA, a precursor for Methylenedioxymethamphetamine.

6. A search of the vessel was conducted. Located in the front on the vessel, in a storage compartment that had been covered by a mattress, were seven rectangular brick shaped objects. These items weighted approximately seven (7) kilograms and contained a white powdery substance, which field-tested positive for cocaine.

7. In a post-*Miranda* interview, KNOWLES admitted to purchasing the seven kilograms of cocaine in Cat Island, Bahamas for $5,000 per kilogram with the intention to sell them in the United

States. He also stated that the others found on board the vessel were not involved.

8. Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that David Allen KNOWLES II violated Title 21, United States Code, Sections 952, 963, and 960(b)(1)(B) that is, knowingly and willfully did attempt to import into the United States five kilograms or more of cocaine.

FURTHER YOUR AFFIANT SAYETH NAUGHT,

_____ 7368
SHAWN E. STONE, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this
8th day of January 2019.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE